**BOBBY D. ASSOCIATES**

v.

**Edward DiMARCANTONIO, Bernard McGinty and John J. Swift, Jr., Appellants.**

Superior Court of Pennsylvania.

Argued Jan. 11, 2000.

Filed April 27, 2000.

James H. Lutz, Newtown Square, for appellants.

David Banks, Philadelphia, for appellee.

Before FORD ELLIOTT, STEVENS, and MONTEMURO,* JJ.

FORD ELLIOTT, J.:

¶ 1 Appellants Edward DiMarcantonio, Bernard McGinty, and John J. Swift, Jr., appeal from the judgment entered following a non-jury verdict in favor of appellee. We affirm.

¶ 2 The facts underlying this appeal are as follows. On August 28, 1989, appellants executed two promissory notes in favor of Guardian Credit Corporation. These notes were subsequently transferred to Oxford Finance Companies, Inc. Appellants failed to pay off the entire balance of the two notes when they came due. Oxford sold the notes to appellee, assigning all of its rights, title, and interest in the notes, on December 15, 1995. (Bill of Sale and Assignment of Financial Assets, Trial Exhibit 4.) The note at issue on appeal was lost while it was in the possession of Oxford.[1] Thus, appellee purchased the lost note from Oxford pursuant to an affidavit of lost note executed by Oxford. (R. at 1, Exhibit A.) Appellants admit the truth and accuracy of the contents of the affidavit of lost note. However, appellants argued that appellee was precluded from enforcing the note by 13 Pa.C.S.A. § 3309. The trial court found that appellee's right to enforce the note was not barred by section 3309 because that section "was not intended to prevent future assignment of the Note." (Trial court opinion, 8/10/99 at 7.)

¶ 3 On appeal, appellants raise four separate issues in their statement of questions involved; however, all four issues are part of a single argument. In fact, appellants argue only one issue in their argument section, which appellants state as follows:

THE UNDISPUTED TRIAL EVIDENCE SHOWED THAT PLAINTIFF WAS NOT IN POSSESSION OF THE PROMISSORY NOTE WHEN IT WAS LOST AND WAS PRECLUDED FROM ENFORCING A LOST NOTE BASED UPON THE CLEAR LANGUAGE OF 13 Pa.C.S.A. § 3309.

Appellants' brief at 7, *see also id.* at 4.

■ ¶ 4 Our standard of review on appeal of a case tried without a jury is "limited to a determination of whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law." *Anderson v. Litke Family Limited Partnership*, 748 A.2d 737 (Pa.Super.2000).

Findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion. When this Court reviews the findings of the trial judge, the evidence is viewed in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must

---

* Retired Justice assigned to the Superior Court.

1. The second note was not lost, and appellants did not appeal from the trial court's verdict in appellee's favor on the second note.

be taken as true and all unfavorable inferences rejected.

*Id.* (citation omitted).

¶ 5 Appellants argue that the trial court erred in applying 13 Pa.C.S.A. § 3309, which states as follows:

**§ 3309. Enforcement of lost, destroyed or stolen instrument**

**(a) Enforcement.**—A person not in possession of an instrument is entitled to enforce the instrument if:

(1) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred;

(2) the loss of possession was not the result of a transfer by the person or a lawful seizure; and

(3) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

**(b) Proof.**—A person seeking enforcement of an instrument under subsection (a) must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, section 3308 (relating to proof of signatures and status as holder in due course) applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.

Appellants argue that because appellee was not in possession of the promissory note when it was lost, appellee cannot satisfy the conditions set forth in 13 Pa.C.S.A. § 3309, which require the party seeking to enforce a lost note to show that he or she was in possession of the note at the time it was lost. Appellants argue that since appellee did not possess the original note, it cannot satisfy section 3309 and is therefore unable to enforce the note and obtain a verdict in its favor. We disagree.

¶ 6 The parties have been unable to discover, and our own research has not revealed, any cases discussing the application of section 3309 under Pennsylvania law. Appellants rely on a federal district court opinion from the District of Columbia, which concluded that a plaintiff who did not possess the note at the time it was lost was precluded by section 3309 from enforcing the note. *Dennis Joslin Company v. Robinson Broadcasting Corporation*, 977 F.Supp. 491, 495 (D.D.C.1997). The *Joslin* court based its decision solely on the language of section 3309, but also noted that "there does not appear to be a logical reason to distinguish between a person who was in possession at the time of the loss and one who later comes into possession of the rights to the note, ..." *Id.*

¶ 7 The enforcement of a lost note under section 3309 was also addressed in *Beal Bank, S.S.B. v. Caddo Parish–Villas South*, 218 B.R. 851 (N.D.Tex.1998). The Secretary of Housing and Urban and Development (HUD), a holder in due course of a note, was in possession of the note when it was lost. Beal Bank purchased the note from HUD and attempted to enforce it against the defendant. The district court held that the assignee of the note was entitled to enforce the note under section 3309, if the Bank also shows that HUD satisfied the requirements of section 3309(a). *Id.*, 218 B.R. at 855. According to the *Beal Bank* court, HUD was able to assign its rights in the note, including its right to enforce the note under section 3309, to Beal Bank. *Id.* The court noted that the *Joslin* court did not consider

whether a party who has the right to enforce a lost note may assign its right to enforce under section 3309. *Id.*

¶ 8 We find the reasoning of *Beal Bank* persuasive. It is undisputed that Oxford was in possession of the note when it was lost and was entitled to enforce the note under section 3309. It is also undisputed that Oxford assigned its rights under the note to appellee. Under 13 Pa.C.S.A § 3203(b), a transferee of an instrument obtains "any right of the transferor to enforce the instrument." Thus, as an assignee of Oxford's rights, appellee is entitled to enforce the note under section 3309.

¶ 9 We also note that section 3309(b) requires the trial court to ensure that appellants are "adequately protected against loss that might occur by reason of a claim by another person to enforce the [lost] instrument." Section 3309(b) further provides that "Adequate protections may be provided by any reasonable means." Here, the trial court did ensure adequate protection to appellants. Specifically, the verdict contains the following order:

> Plaintiff shall execute an Indemnification Agreement in favor of Defendants for any claims made by a third party to enforce the terms of the [lost] $7,300.00 Note unless the third party is a successor in interest to the Defendant[s] or the Defendant[s] act[ ] to defraud Plaintiff. . . .

R. at 14.

¶ 10 We find no error by the trial court. As we also conclude that the trial court's verdict is supported by competent evidence, we affirm the trial court's verdict in favor of appellee.

¶ 11 Judgment affirmed.